UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES TSA LOCAL 1, *et. al.*, <br><br> Plaintiffs, <br><br> v. <br><br> EDMUND HAWLEY, Administrator, Transportation Security Administration <br><br> Defendant. | Civil Action No. 03-1719 (CKK) |

**MEMORANDUM OPINION**
(October 17, 2006)

On August 21, 2006, this Court issued an Order and accompanying Memorandum Opinion dismissing all of Plaintiffs' claims in the instant case except for Count VI with respect to Plaintiff Don Card and Plaintiff AFGE. On September 21, 2006, the Parties filed a Joint Status Report indicating that Plaintiff Card "wishes to proceed with his claim as preserved," and setting forth a briefing schedule for the Defendant's filing of a motion to transfer venue. On October 3, 2006, the Court adopted the proposed briefing schedule, and ordered that "Defendant's Motion to Transfer Venue shall be filed by October 4, 2006, if not filed, defendant will file an Answer with scheduling order by October 25, 2006; any response to Motion to Transfer Venue shall be filed by October 11, 2006; and any Reply shall be filed by October 25, 2006." Defendant filed a Motion to Transfer Venue on October 4, 2006, requesting that the remainder of the case be transferred to the U.S. District Court for the Northern District of New York pursuant to 28 U.S.C. § 1404(a). Def.'s Mot. Transfer at 1. As of the instant date, October

1

17, 2006, Plaintiff has not filed an Opposition. As such, in light of the adopted and ordered briefing schedule initially proposed by the Parties themselves, the Court shall GRANT Defendant's Motion to Transfer Venue as conceded as well as on the merits.[1]

Defendant seeks to transfer the remaining claim in this case to the Northern District of New York pursuant to 28 U.S.C. § 1404(a), which states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The Court is afforded broad discretion to decide whether transfer from one jurisdiction to another is proper. *Securities & Exchange Commission v. Savoy Indus. Inc.*, 587 F.2d 1149, 1154 (D.C. Cir. 1978) (quoting *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955)). The decision to transfer is made by an "individualized, case-by-case consideration of convenience and fairness...." *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964).

The threshold question under Section 1404(a) is whether the action "might have been brought" in the Northern District of New York. *Id.* at 616. Pursuant to 28 U.S.C. § 1391(e),

> A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action. Additional persons may be joined as parties to any such action in accordance with the Federal Rules of Civil Procedure and with such other venue requirements as would be applicable if the United States or one of its officers, employees, or agencies were not a party.

28 U.S.C. § 1391(e). In the case currently before the Court, venue is proper in the Northern District of New York because Plaintiff Card's last known address is in Liverpool, New York;

---

[1] The Court further notes that in a similar case in this district, the court also transferred the remaining claim of an individual TSA screener to the district where the events giving rise to the claim took place. *See Am. Fed. of Gov't Employees v. Loy*, Civ No. 03-1935 (D.D.C. May 18, 2005).

and because Plaintiff Card's claim relates to events that transpired while he was employed by TSA as a Security Screener at the Syracuse-Hancock International Airport. *See* Def.'s Mot. Transfer, Ex. 2 ¶¶ 2, 5 (Decl. of Maria Farrell).

Even if venue is proper in the Northern District of New York, the Court may transfer a case only if the balance of private and public interests weighs in favor of transfer. *Greater Yellowstone Coalition v. Bosworth*, 180 F. Supp. 2d 124, 127 (D.D.C. 2001). Private interest considerations include: (1) the plaintiff's choice of forum, unless the balance of convenience is strongly in favor of the defendant; (2) the defendant's choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses; and (6) the ease of access to sources of proof. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995) (citing James W. Moore & Brett A. Ringle, *Federal Practice* ¶ 0.345[5] (2d Ed. 1995); 15 Charles A. Wright et al., *Federal Practice and Procedure* §§ 3848-53 (2d ed. 1986)); *Trout Unlimited v. U.S. Dep't of Agric.*, 944 F. Supp. 13, 16 (D.D.C. 1996). However, the deference normally given to a plaintiff's choice of forum (which Plaintiff Card in the instant case has not timely supported) is "lessened when the plaintiff's forum choice 'lacks meaningful ties to the controversy and [has] no particular interest in the parties or subject matter.'" *S. Utah Wilderness Alliance v. Norton*, 315 F. Supp. 2d 82, 86 (D.D.C. 2004) (citing *Islamic Republic of Iran v. Boeing Co.*, 477 F. Supp. 142, 144 (D.D.C. 1979)). The public interest factors include: (1) the degree to which the courts in both venues are familiar with the governing laws; (2) the relative congestions of the calendars of the transferee and transferor courts; and (3) the local interest in deciding local controversies at home. *See Jumara*, 55 F.3d at 879-80 (citing Moore & Ringle, *supra*, ¶ 0.345[5]; Wright et al., *supra*, §§ 3854; *Trout Unlimited,* 944 F. Supp. at 16.

Here, consideration of the above public and private interest factors favors transfer to the Northern District of New York. The remaining claim in the instant case arose out of events taking place at the Syracuse-Hancock International Airport in New York. Plaintiff Card's last known address is in Liverpool, New York. Additionally, documents relating to Plaintiff Card's termination are located at TSA's office at the Syracuse-Hancock International Airport. See Def.'s Mot. Transfer, Ex. 2 ¶ 4 (Farrell Decl.). Finally, relevant witnesses, including Plaintiff Card's former supervisors, are either still employed at the Syracuse-Hancock International Airport, or upon information and belief, presently reside in Syracuse, New York. *Id.* ¶ 3.

Based on the aforementioned reasoning, the Court shall GRANT as conceded and on the merits Defendant's Motion to Transfer the instant case to the United States District Court for the Northern District of New York. An Order accompanies this Memorandum Opinion.

Date:   October 17, 2006

                                    /s/
                                    COLLEEN KOLLAR-KOTELLY
                                    United States District Judge